UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GENE MICHAEL DIULIO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00316-JMS-MJD |
| | ) | |
| WARDEN USP Terre Haute, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

Gene Michael Diulio seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His claims are based on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Mathis* discusses the appropriate analysis of predicate offenses under the Armed Criminal Career Act (ACCA). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use or threatened use of physical force against the person of another;" 2) "is burglary, arson, or extortion, [or] involves the use of explosives;" or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). These three "clauses" are respectively known as 1) the elements clause, 2) the enumerated clause, and 3) the residual clause. In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court ruled that the residual clause was unconstitutionally vague. In *Mathis*, the Supreme Court discussed the appropriate analysis to use when comparing past convictions to a generic offense listed under the enumerated clause of the ACCA. The career offender enhancement (§ 4B1.1) in the United States Sentencing Guidelines (U.S.S.G) contains language similar to the ACCA.

For the reasons discussed in this Order, Mr. Diulio's petition for writ of habeas corpus is **denied.**

## I. Background

In June of 1988, Mr. Diulio was indicted and charged in the Northern District of Florida with kidnapping in violation of 18 U.S.C. § 1201. *See USA v. Diulio*, No. 5:88-cr-05018-RV-EMT-1 (N.D. Fl.) (hereinafter "Crim. Dkt."), Crim. Dkt. 35 at 2 (report and recommendation adopted and incorporated in Crim. Dkt. 37). The charges stemmed from his escape from Appalachee Correctional Institution ("ACI") in Sneads, Florida. *Id.* Mr. Diulio held a work supervisor at knife point and forced the man to drive him from ACI. *Id.* He was also charged in state court with Escape and Robbery with a Deadly Weapon as a result of the same incident. *Id.*

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). *See* Crim. Dkt. 21 (Sealed). Although the respondent purported to provide this Court with the PSR from Mr. Diulio's Northern District of Florida conviction, *see* Dkt. 31, instead it provided the Court with PSR associated with Mr. Diulio's conviction in Nevada in 1994.[1]

---

[1] On August 27, 1993, Mr. Diulio escaped from the United States Penitentiary in Lompoc, California. *See* Dkt. 31 (sealed) at 4. On September 9, 1993, he robbed First Western Bank in Las Vegas, Nevada with a handgun. *Id.* Mr. Diulio was indicted in the District of Nevada and pleaded guilty to one count of bank robbery with a weapon and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a), (d) and one count of escape, in violation of 18 U.S.C. § 751(a). *USA v. Archer et al.*, No. 2:93-cr-00259-LDG-2 (D. Nev.). Mr. Diulio was sentenced to a term of 188 months of imprisonment, to run consecutively to any other sentences to be served in any other jurisdiction. *Id.* at Dkt. 131 at 3; Dkt. 31 at 5.

On June 23, 2016, Mr. Diulio filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the District of Nevada relating to his 1993 armed robbery conviction, arguing that under *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015), he no longer qualifies as a career offender. *USA v. Archer et al.*, No. 2:93-cr-00259-LDG-2 (D. Nev.), Dkt. 131. That § 2255 motion is still pending in the District of Nevada.

Nonetheless, the Court relies on information about the relevant PSR from the Northern District of Florida's discussion in its Order denying Mr. Diulio's motion under 28 U.S.C. § 2255:

> The Presentence Investigation Report ("PSR") was prepared on October 4, 1988. Defendant was classified as a career offender pursuant to § 4B1.1 of the Guidelines because of two prior felony convictions, although the offenses supporting the application of this enhancement were not specifically identified (ECF No. 21, PSR ¶ 8). Defendant's criminal history reflected prior convictions in New Jersey and Florida for armed robbery, possession of methaqualone, robbery with a firearm (two cases, sentenced on the same day), and burglary (ECF No. 21, PSR ¶¶ 16, 18, 19, 20). As a career offender, his base offense level was 37 (ECF No. 21, PSR ¶ 8). Defendant received a two-level downward adjustment for acceptance of responsibility, and thus his total offense level was 35 (ECF No. 21, PSR ¶ 13, 14). His criminal history category was VI, regardless of whether it was calculated based on the number of criminal history points or in accordance with § 4B1.1 due to his career offender status (ECF No. 21, PSR ¶ 25). The statutory maximum term of imprisonment was life imprisonment pursuant to 18 U.S.C. § 1201, and the applicable guidelines range was 292 to 365 months (ECF No. 21, PSR ¶¶ 28, 29). If Defendant had not been categorized as a career offender, the guideline imprisonment range would have been 262 to 327 months (ECF No. 21, PSR ¶ 29). On November 2, 1988, the court sentenced Defendant to a term of 300-months imprisonment (ECF No. 18). Defendant did not appeal.

Crim. Dkt. 35 at 2-3.

On October 11, 2016, Mr. Diulio filed an amended motion to vacate pursuant to 28 U.S.C. § 2255 in the Northern District of Florida, arguing that under *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015), he no longer qualifies as a career offender. Crim. Dkt. 23. The district court denied his motion. Crim. Dkt. 35; Crim. Dkt. 37.

On July 6, 2017, Mr. Diulio filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1988 sentence in the Northern District of Florida.

## II. Discussion

Mr. Diulio now challenges his career offender status under U.S.S.G. § 4B1.1 given the Supreme Court's decision in *Mathis*, arguing that his prior convictions in are not "crimes of violence."

3

To proceed under § 2241 after having filed a motion pursuant to 28 U.S.C. § 2255, the § 2255 motion must have been "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman – Low*, 503 Fed. Appx. 763, 765 (11th Cir. 2013) (citation omitted).

Each of the three requirements to invoke the savings clause of § 2255(e) is discussed below.

**A.      Statutory-Interpretation Case**

The Government cannot dispute that Mr. Diulio meets the first savings clause requirement. Dkt. 30 at 7 ("At best, while Diulio may meet the first two Davenport factors to show a structural problem, but he cannot show the third."). This is because Diulio challenges his sentence under

*Mathis*, which is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *United States v. Bess*, 655 Fed. Appx. 518 (8th Cir. 2016) (recognizing that *Mathis* inquiry was "whether the statutory alternatives were means or elements"). The Court finds that Mr. Diulio meets the first savings clause requirement.

### B. Retroactivity

Next, the Government does not strongly dispute that Mr. Diulio meets the second savings clause requirement. Dkt. 30 at 7 ("At best, while Diulio may meet the first two Davenport factors to show a structural problem, but he cannot show the third."). The Seventh Circuit has stated that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (internal citations omitted). Thus, the second savings clause requirement is not a barrier to further review.

### C. Miscarriage of Justice

The final question is whether there has been a miscarriage of justice. Mr. Diulio was sentenced in 1988, prior to *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sentencing Guidelines are only advisory. The Seventh Circuit has instructed that "the misapplication of the sentencing guidelines, at least where (as here) the defendant was sentenced in the pre-*Booker* era, represents a fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding." *Brown v. Caraway*, 719 F.3d 583, 587-88 (7th Cir. 2013). "[A] petitioner may utilize the savings clause to challenge the misapplication of the career offender Guideline, at least where, as here, the defendant was sentenced in the pre-*Booker* era." *Id.* at 588. Thus, Mr. Diulio may proceed with his challenge to his career offender enhancement under the Guidelines.

In order to be classified as a career offender, Mr. Diulio must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(3). Under the 1998 Guidelines, which were used to determine Mr. Diulio's sentence, a "crime of violence" is defined as:

> an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property or another, or any other offense that is a felony and that by its nature involves a substantial risk that physical force against the person or property of another may be used in committing the offense. The Commission interprets this as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson, or robbery are covered by this provision. Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition. For example, conviction for an escape accomplished by force or threat of injury would be covered; conviction for an escape by stealth would not be covered. Conviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered.

U.S.S.G. § 4B1.2(1), Application Notes 1 (1988), available at https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/1988/manual-pdf-06/Chapter_4.pdf.

As an initial matter, the 1988 Guidelines "crime of violence" includes only an elements clause and a residual clause, but not an enumerated clause. Accordingly, *Mathis*, which discusses appropriate analysis to use when comparing past convictions to a generic offense listed under the enumerated clause of the ACCA, is inapplicable.

Moreover, Mr. Diulio still has at least two predicate offenses. Mr. Diulio's PSR identified prior convictions in New Jersey and Florida for armed robbery, possession of methaqualone, robbery with a firearm (two cases, sentenced on the same day), and burglary. *See* Dkt. 31 at 9-11; Crim. Dkt. 35 at 2. Based on public records available on the New Jersey's public access court case search website (https://portal.njcourts.gov/webe4/ExternalPGPA/entry) and Broward County, Florida's public case search website (https://www.browardclerk.org/Web2/ CaseSearch/), the

6

Court was able to locate confirmation of the following predicate offenses, for purposes of the career offender enhancement:

- Two counts of robbery with firearm in violation of Fla. Stat. § 812.13(1)2a in Broward County, Florida, Docket Nos. 85-13772 and 85-14626; and
- Burglary in violation of NJ § 2C:18-2 in Atlantic County, New Jersey, Docket No. 85-12-02063.

Post-*Mathis*, the Eleventh Circuit has held that armed robbery under Fla. Stat. § 812.13(1) is a violent felony under the elements clause. *See United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016) (concluding that a defendant's 1987 robbery conviction qualified as a violent felony under the elements clause of the ACCA, which uses language identical to that in U.S.S.G. § 4B1.2). The Court in *Fritts* explained that "[t]he requirement that the defendant, in the course of the taking, use 'force, violence, assault, or putting in fear' has been an element in Florida's robbery statute since at least the 1970s." *Id.* at 939. Thus, Mr. Diulio's two armed robbery convictions in Florida count as violent felonies under the Sentencing Guidelines.

*Mathis* did not change this analysis and Mr. Diulio cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

### III. Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/29/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GENE MICHAEL DIULIO
01917-017
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov